

JOHN L. BURRIS, ESQ.   CSB#69888
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California   94621-1939
Tel: (510) 839-5200
Fax: (510) 839-3882
E/M: John.Burris@JohnBurrisLaw.com

Attorneys for plaintiff
KENITRA RAE NEWMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C08-00311

KENITRA RAE NEWMAN,

      Plaintiff,

    vs

CITY OF OAKLAND, a
municipal corporation;
ERICA MCGLASTON, as a
CITY OF OAKLAND police
officer and individually;
and DOES 1 - 25, inclusive,

      Defendants.
_____/

CIVIL NO.

**COMPLAINT FOR DAMAGES
(CIVIL RIGHTS VIOLATION:
BATTERY BY POLICE OFFICER)**

**JURY TRIAL DEMANDED**

<u>INTRODUCTION</u>

1.   Plaintiff KENITRA RAE NEWMAN who is suing the CITY OF
OAKLAND, and (former) Oakland police officer ERICA MCGLASTON,
for violation of her civil rights.  MCGLASTON, while on duty
and in uniform, stalked NEWMAN and beat her, both with her
fists and her police baton, without provocation, after NEWMAN
terminated their friendship.  The incident was investigated and
MCGLASTON was terminated for her conduct and referred to the
Alameda County District Attorney.  The incident took place on

**COMPLAINT FOR DAMAGES [CIVIL RIGHTS--POLICE UNLAWFUL FORCE]**

July 14, 2007 in Oakland, California.

JURISDICTION AND VENUE

2.   The Court has jurisdiction over the action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(3) (civil rights).  Venue lies in the Northern District of California, the judicial district in which the claim arose, pursuant to 28 U.S.C. § 1391(b).

IDENTIFICATION OF PARTIES

3.   Plaintiff KENITRA RAE NEWMAN ("NEWMAN") at all times mentioned in this Complaint, and still is, a citizen of the United States, a resident of Alameda County and of full age.

4.   Defendant CITY OF OAKLAND ("CITY") is a public entity, duly organized and existing under the laws of the State of California.  Defendant CITY OF OAKLAND includes the Oakland Police Department.  At all times material to this Complaint, the OAKLAND Police Department was supervised, controlled and staffed by defendant CITY OF OAKLAND, its officers, agents and employees.  By contract and statute, defendant CITY OF OAKLAND is required to indemnify its law enforcement officers for acts undertaken in their official capacity.

5.   At all times material to this Complaint, defendant ERICA MCGLASTON ("MCGLASTON") was a police officer employed by the OAKLAND Police Department and committed the acts complained of herein while acting under color of law.  Committing the acts of which the Plaintiff complains, defendant MCGLASTON exceeded the authority vested in her as an OAKLAND police officer and as

COMPLAINT FOR DAMAGES [CIVIL RIGHTS--POLICE UNLAWFUL FORCE]    2

an employee of the CITY OF OAKLAND.  MCGLASTON is being sued in both her official and individual capacities.

6.  Plaintiff does not know the true names and capacities of defendants DOES 1 through 25, and sues these defendants by such fictitious names.  Plaintiff is informed and believe and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages suffered by plaintiff as described in this Complaint.  Plaintiff will seek leave to amend her complaint to state the true names and capacities of defendants DOES 1 through 25 when they become known to her.  In her references to "defendant" or "defendants" Plaintiff also refers to defendants DOES 1 through 25.

7.  At all times mentioned herein, each defendant was the agent or employee of each of their co-defendants, and in doing the things alleged herein, were acting within the course and scope of such agency or employment, with the actual or implied permission, consent, authorization and approval of their co-defendants.

### CLAIMS REQUIREMENT

8.  Plaintiff is in compliance with the administrative claim requirement under California law pertaining to suits against public entities, with respect to pendent state claims.

### FACTS GIVING RISE TO THE COMPLAINT

9.  At about 1:00 a.m. on July 14, 2007, plaintiff left a party at a friend's house, located at 4240 Tarabella Way in Oakland, California, to retrieve a coat from her car.  As she

COMPLAINT FOR DAMAGES [CIVIL RIGHTS--POLICE UNLAWFUL FORCE]    3

walked down the street towards her car, she noticed a marked
police patrol car parked along the curb.  As she proceeded, she
recognized the driver and sole occupant of the police car as
defendant ERICA MCGLASTON.  MCGLASTON was in full uniform and,
as subsequently determined, on duty.  NEWMAN was immediately
concerned and apprehensive because she had recently terminated
a friendship with MCGLASTON and knew her to have a volatile
temperament with a propensity towards abusive behavior.  As a
result of that understanding, NEWMAN had maintained a policy of
having no contact with MCGLASTON.

    10.  As NEWMAN approached the patrol car, MCGLASTON called
out to her.  NEWMAN continued walking towards her own car, at
which point MCGLASTON went after her on foot.  When MCGLASTON
caught up to her, she grabbed and turned NEWMAN and punched her
full in the face.  When NEWMAN saw that officer McGlaston was
reaching for the baton on her equipment belt she said "Please
don't hit me with that, Erica".  McGlaston briefly paused but
as Newman attempted to walk away from McGlaston, heading back
towards the house and safety, McGlaston caught up to her and
struck her legs with her baton, causing Newman to fall to the
ground.  As Newman, crying, began to push herself up from the
ground, McGlaston punched her in the mouth, splitting Newman's
lip and causing blood to pour down her face.

    11.  NEWMAN's absence from the party had been noted and
one of her friends went out to look for her, saw NEWMAN and
went to help her to her feet.  MCGLASTON returned to her patrol

COMPLAINT FOR DAMAGES [CIVIL RIGHTS--POLICE UNLAWFUL FORCE]    4

car, drove up to NEWMAN and her friend, and traded words with
NEWMAN's friend before driving away.  NEWMAN cleaned her face
in the bathroom in the front entryway of the house.  She and
her friend then left to obtain treatment for NEWMAN's injuries.
Her friend called someone at the party, advising that NEWMAN
had been accosted by MCGLASTON.  Several persons at the party
were Oakland police officers.  When they heard that MCGLASTON
had confronted NEWMAN on the street, and knowing MCGLASTON's
violent, unstable personality and history of abusive behavior
towards NEWMAN, were fearful that MCGLASTON had abducted NEWMAN
and being out of control might actually murder NEWMAN.  Two of
these persons, an officer and a police lieutenant, initiated a
search for MCGLASTON, and with the assistance of the OAKLAND
police dispatcher, located McGlaston who was had responded to a
call and was still at that location.  They satisfied themselves
that MCGLASTON had not taken NEWMAN from the incident site or
knew of NEWMAN's current whereabouts.  NEWMAN was later advised
to obtain a restraining order to keep officer MCGLASTON away
from her.  MCGLASTON was terminated from the OAKLAND Police
Department subsequent to an OAKLAND Police Department internal
investigation and a referral was made to the Alameda County
District Attorney for consideration of criminal prosecution.

### DAMAGES

12.  MCGLASTON's conduct constitutes sexual harassment and
intimidation through force and violence.  Her conduct, shocking
to the conscience of the community, was an abuse of defendant's

COMPLAINT FOR DAMAGES [CIVIL RIGHTS--POLICE UNLAWFUL FORCE]     5

authority, under color of law, to harass, intimidate, assault
and batter Plaintiff, all in violation of her civil rights.

13.   Plaintiff KENITRA NEWMAN was physically, emotionally
and financially injured and damaged as a proximate result of
defendant's conduct.  Plaintiff has also suffered violation of
her constitutional rights and the loss of her sense of security
and dignity as a citizen and resident of the United States of
America.

14.   The conduct of defendant MCGLASTON was malicious,
wanton and oppressive.  Plaintiff is therefore entitled to an
award of punitive damages against MCGLASTON.

15.   Plaintiff found it necessary to engage the services
of private counsel to vindicate her rights under the law and to
reclaim that which was stripped away from her by MCGLASTON's
physical and emotional battery.  Plaintiff is entitled to the
recovery of all attorney's fees and costs incurred in relation
to this action.

WHEREFORE, plaintiff prays for relief as hereinafter set
forth.

### FIRST CAUSE OF ACTION

(42 U.S.C. § 1983: VIOLATION OF
CIVIL RIGHT TO SECURITY OF PERSON)

16.   Plaintiff incorporates by reference all allegations
set forth in paragraphs 1 - 15, inclusive, as if the same were
repeated and realleged at length and in full.

17.   Defendant ERICA MCGLASTON acted under color of law in
stalking and beating plaintiff without lawful justification,

COMPLAINT FOR DAMAGES [CIVIL RIGHTS--POLICE UNLAWFUL FORCE]    6

subjecting NEWMAN to unlawful force, thereby depriving plaintiff of certain constitutionally protected rights, including, but not limited to:

a.    The right not to be deprived of life or liberty without due process of law, as guaranteed by the fifth and fourteenth Amendments to the United States Constitution;

b.    The right to be free from the use of excessive use of force by law enforcement officers, as guaranteed by the fourth, fifth and fourteenth Amendments to the United States Constitution; and,

c.    The right to be free from preconviction punishment as guaranteed by the fourth, fifth and fourteenth Amendments to the United States Constitution.

18.    As a proximate result of the foregoing wrongful acts of defendant, plaintiff has sustained, and will in the future sustain, pecuniary loss and other compensable injuries.

19.    In doing the foregoing wrongful acts, defendant acted in reckless and callous disregard for the constitutional rights of plaintiff.    The wrongful acts were willful, oppressive and malicious.

Wherefore, plaintiff prays judgment as hereinafter set forth.

### SECOND CAUSE OF ACTION

(Violation of Civil Rights under State
of California law: Civil Code section 52.1)

20.    Plaintiff incorporates by reference all allegations set forth in paragraphs 1 - 19, inclusive, as if the same were

COMPLAINT FOR DAMAGES [CIVIL RIGHTS--POLICE UNLAWFUL FORCE]    7

repeated and realleged at length and in full.

21.  Defendants interfered with the constitutional rights of plaintiff as alleged, by means of intimidation, coercion and implicit threat.

22.  Under the provisions of California Civil Code section 52(b), defendant MCGLASTON is liable for each and every offense for exemplary damages, for statutory penalties of $25,000 in addition thereto, and for the payment of plaintiff's attorney fees, all in addition to her general damages.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION

(False Imprisonment)

23.  Plaintiff incorporates by reference all allegations set forth in paragraphs 1 - 22, inclusive, as if the same were repeated and realleged at length and in full.

24.  Defendant restrained plaintiff and held her against her will, without probable cause to believe that plaintiff had committed an unlawful act, and without any right at all.

25.  As a proximate result of the defendant's wrongful conduct, plaintiff suffered damages as set forth herein.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress)

26.  Plaintiff incorporates by reference all allegations

COMPLAINT FOR DAMAGES [CIVIL RIGHTS--POLICE UNLAWFUL FORCE]     8

set forth in paragraphs 1 - 25, inclusive, as if the same were repeated and realleged at length and in full.

27.  The conduct of the defendant as set forth herein, was extreme and outrageous and not be tolerated in a democratic and civilized society.  In order to deliberately injure plaintiff the defendant committed the referenced extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon plaintiff.

28.  As a proximate result of the defendant's wrongful conduct, plaintiff suffered severe emotional distress.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION

#### (Assault and Battery)

29.  Plaintiff incorporates by reference all allegations set forth in paragraphs 1 - 28, inclusive, as if the same were repeated and realleged at length and in full.

30.  MCGLASTON made plaintiff fearful of immediate death and severe bodily harm by attacking and battering her without any just provocation or cause.  MCGLASTON committed assault and battery against plaintiff by manhandling her, punching her in the face, striking her with an impact weapon (police baton) and through the use of verbal intimidation.

31.  Defendant's conduct was neither privileged nor justified under statute or common law.

32.  As a proximate result of the defendants' wrongful

COMPLAINT FOR DAMAGES [CIVIL RIGHTS--POLICE UNLAWFUL FORCE]    9

conduct, plaintiff suffered physical, emotional and financial injury and damage.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION

#### (Negligence)

33.  Plaintiff realleges and incorporates by reference all allegations set forth in paragraphs 1 - 32, inclusive, as if the same were repeated and realleged at length and in full.

34.  At all times mentioned, defendants had a duty to plaintiff to exercise reasonable care in the performance of their duties as police officials.

35.  Defendants failed to comply with said standard of reasonable care, proximately causing plaintiff to suffer injury and damage.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION

#### (42 U.S.C. § 1983 MUNICIPAL LIABILITY)

36.  Plaintiff realleges and incorporates by reference all allegations set forth in paragraphs 1 - 35, inclusive, as if the same were repeated and realleged at length and in full.

37.  Defendant CITY OF OAKLAND has, at all times mentioned herein, had a mandatory duty of care to properly train, retain, supervise, investigate and discipline defendant police officers so as to avoid unreasonable risk of harm to citizens.

COMPLAINT FOR DAMAGES [CIVIL RIGHTS--POLICE UNLAWFUL FORCE]      10

38.   Defendant CITY OF OAKLAND, by and through its supervisory officials and employees, has been given notice of constitutional violations and practices by defendant MCGLASTON consisting of the use of unnecessary and excessive force and intimidation.

39.   Despite this notice, defendant CITY OF OAKLAND has demonstrated indifference to MCGLASTON's conduct by failing to take necessary appropriate or adequate measures to prevent its continuation, thereby breaching its duty of care to citizens.

40.   Defendants' failure to comply with said standard of reasonable care proximately caused plaintiff to suffer injury and damage.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### EIGHTH CAUSE OF ACTION

(Respondeat Superior Against CITY OF OAKLAND)

41.   Plaintiff realleges and incorporates by reference all allegations set forth in paragraphs 1 - 40, inclusive, as if the same were repeated and realleged at length and in full.

42.   Defendant MCGLASTON committed the acts described above while acting within the course and scope of employment as a police officer for the CITY OF OAKLAND.

43.   Defendant CITY OF OAKLAND is therefore liable under all causes of action set forth herein for the injuries and damages suffered by plaintiff under the doctrine of respondeat superior.

COMPLAINT FOR DAMAGES [CIVIL RIGHTS--POLICE UNLAWFUL FORCE]    11

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this action.

### PRAYER

WHEREFORE plaintiff prays for relief as follows:

    1.   For special damages according to proof;

    2.   For general damages in the amount of $1,000,000;

    3.   For punitive damages against ERICA MCGLASTON according to proof;

    4.   For exemplary damages and additional penalties in the amount of $25,000 for every violation by defendant, and against plaintiff, of Civil Code section 52.1;

    5.   For the payment of reasonable attorney fees;

    6.   For costs of suit; and

    7.   For such other and further relief as the Court may deem just and proper.

Dated:    January 16, 2007    LAW OFFICES OF JOHN L. BURRIS

By: *John L Burris*
    John L. Burris, Esq.
    Attorney for plaintiff
    KENITRA RAE NEWMAN

COMPLAINT FOR DAMAGES [CIVIL RIGHTS--POLICE UNLAWFUL FORCE]    12